Thomas E. SCHERER, Plaintiff,

v.

GE CAPITAL CORPORATION, d/b/a
Monogram Retailer Credit Services,
Inc., Defendant.

No. Civ.A. 97–2680–GTV.

United States District Court,
D. Kansas,
Kansas City Division.

April 5, 1999.

---

Thomas E Scherer, Merriam, KS, pro se.

Brian J. Finucane, Elizabeth Pettigrew West, Bioff, Singer & Finucane, Kansas City, MO, for GE Capital, Corporation dba Monogram Retailer Credit Services, Inc.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has under consideration Defendant's Motion to Quash Subpoena Duces Tecum (doc. 51), Defendant's Motion for a Protective Order (doc. 54), and Plaintiff's Notification of Contempt and Request to Compel (doc. 76). Pursuant to Fed.R.Civ.P. 45(c)(3)(A), defendant GE Capital Corporation seeks an order to quash a subpoena plaintiff served upon it on March 8, 1999. It also seeks an award of attorney fees and expenses as an appropriate sanction against plaintiff. Pursuant to Fed.R.Civ.P. 26(c), it seeks an order prohibiting plaintiff from pursuing discovery from non-parties Dr. Louise Glotzbach, Dr. John H. Stanley, and Bruce Taylor, attorney for non-party Metropolitan Life Insurance Company. Proceeding *pro se*, plaintiff seeks an order to compel production of documents identified in the subpoenas. Fed.R.Civ.P. 37 governs motions to compel. Plaintiff opposes the motions of defendant. Defendant has filed no specific response to the motion of plaintiff. Its other filings, however, adequately contest his motion.

Defendant suggests plaintiff served the subpoenas at issue in the motions to quash and for protective order after the close of discovery. Plaintiff asserts that he was un-

**352**

der the impression that he could still conduct discovery through subpoenas.

■ Discovery has closed in this case. The court adopted the deadlines set forth in the Report of Parties' Planning Meeting. (Scheduling Order of July 31, 1998, doc. 18, ¶ c.) That Report set a deadline of December 30, 1998, for discovery. (*See* Form 35 Report of Parties' Planning Meeting, doc. 16, at 2.) In the absence of an extension of the deadline, a party generally may not proceed with discovery over objection of the opposing party. Accordingly, the court quashes the subpoena served upon defendant. It also orders that discovery by the subpoenas served upon the three non-parties not be had. In addition it overrules the motion of plaintiff to compel production. It will compel no response to discovery served after the close of discovery.

The sustaining of a motion for protective order invites consideration of Fed.R.Civ.P. 37(a)(4)(A). *See* Fed.R.Civ.P. 26(c). Rule 37(a)(4)(A) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified or that other circumstances make an award of expenses unjust.

■ In this instance the court finds an award of expenses on the motion for protective order unjust. Plaintiff proceeds *pro se.* He apparently proceeded with discovery under the mistaken belief that he could obtain documents through subpoenas, notwithstanding the expiration of the deadline for discovery. Most importantly, moreover, defendant has presented insufficient information from which the court can find that it made a good

faith effort to resolve the dispute without judicial intervention.

■ Defendant has filed no separate certification of compliance with the conference requirements of Fed.R.Civ.P. 26(c) and D.Kan.Rule 37.2. Its motion and supporting briefs show no good faith efforts to confer. Its reply brief mentions that "[b]oth before and after plaintiff issued and served the subpoena, defendant's counsel discussed with plaintiff that defendant would object to the subpoenas." The briefing on the motion otherwise mentions nothing which the court can remotely construe as an attempt to confer. The discussions mentioned in the reply brief do not satisfy the conference requirements. Although the court generally looks beyond apparent non-compliance with conference requirements and addresses issues on the merits when the responding party does not raise the issue of non-compliance; it does not ignore apparent non-compliance when considering the issue of costs and expenses. It is unjust to award a party costs and expenses on a motion which may have been rendered unnecessary had the movant made the necessary effort to resolve the dispute without judicial intervention.

Defendant also seeks an order imposing sanctions upon plaintiff in the amount of its attorney fees and expenses incurred in bringing the motion to quash. Fed.R.Civ.P. 45(c)(1) provides:

> A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

The court declines to award defendant its costs and expenses incurred upon the motion to quash. Plaintiff acted on an erroneous belief that he could still pursue discovery via subpoena, notwithstanding the passing of the discovery deadline. He proceeds without counsel. The court, moreover, does not view

an award of costs and expenses on the motion as an "appropriate sanction", within the meaning of Rule 45(c)(1), when the movant has demonstrated inadequate compliance with applicable conference requirements. Although Rule 45 itself imposes no duty to confer, the District of Kansas has imposed such a duty by local rule. *See* D.Kan.Rule 37.2.

For the foregoing reasons, the court sustains in part and otherwise overrules Defendant's Motion to Quash Subpoena Duces Tecum (doc. 51). It hereby quashes the subpoena served upon defendant on March 8, 1999. It also sustains Defendant's Motion for a Protective Order (doc. 54) and overrules Plaintiff's Notification of Contempt and Request to Compel (doc. 76).

IT IS SO ORDERED.